United States District Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>W L HOUSTON'S BUSINESS INVESTMENTS, LLC,<br><br>Debtor. | § § § § § § § | Case No. 4:22-BK-33232 |
| DERRICK GOODWILL and JILLIAN GRAHAM,<br><br>Appellants,<br><br>v.<br><br>W L HOUSTON'S BUSINESS INVESTMENTS, LLC and WARREN HOUSTON<br><br>Appellees. | § § § § § § § § § § § § | Civil Action No. 4:22-CV-04505 |

## ORDER

This is an appeal brought by Derrick Goodwill and Jillian Graham ("Appellants"), challenging two orders issued by Bankruptcy Judge Jeffrey P. Norman on December 15, 2022 and December 16, 2022 in the underlying bankruptcy petition. (Dkt. No. 1); (Dkt. No. 1-1 at 1). Appellants filed a notice of appeal to the district court on December 23, 2022, (*see* Dkt. No. 1), and the appeal was docketed in this Court on December 29, 2022, (*id.*). To date, Appellants have not filed an appellate brief or otherwise taken any action beyond filing their notice of appeal.

Bankruptcy Rule 8009(a)(1) instructs that in a bankruptcy appeal to the district court, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a

designation of the items to be included in the record on appeal and a statement of the issues to be presented." Additionally, absent a court order to the contrary, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Upon service of the appellant's brief, the appellee then has 30 days to serve and file its brief, and the appellant then has 14 days to reply. Fed. R. Bankr. P. 8018(a)(2)–(3). If an appellant fails to timely file its brief, the appeal may be dismissed on motion by an appellee or by the district court on its own motion. Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal is ground for the district court to act as it considers appropriate, including dismissing the appeal.") (cleaned up). Accordingly, the Fifth Circuit has affirmed dismissals of bankruptcy appeals when the appellant failed to file a brief within the required time. *See, e.g.*, *Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985); *In re Nikolai*, 5 F.3d 1495, at *2 (5th Cir. 1993); *In Re Pequeno*, 240 F.App'x. 634, 636 (5th Cir. 2007).

Appellants have not taken any action to prosecute their appeal in the more than twelve months since filing the notice of appeal in the Bankruptcy Court. It has not filed any appeal brief, which was due 30 days after the bankruptcy record had docketed on January 27, 2023. (Dkt. No. 4). In fact, at the time of docketing, the Clerk of Court explicitly alerted Appellants that their brief "must be filed within 30 days after entry of this notice." (*Id.* at 1). Appellants have not contacted the Court, requested more time to file briefs, or sought to explain their inaction. And while this case involves pro se

litigants, "[t]he rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone." *In re Salter*, 251 B.R. 689, 692 (S.D. Miss. 2000), *aff'd*, 234 F.3d 28 (5th Cir. 2000). In light of this failure, the appeal will be **DISMISSED WITHOUT PREJUDICE** under Rules 8003(a)(2) and 8018(a)(4). The Clerk of Court is **DIRECTED** to administratively close this case, which may be re-opened upon motion by any party. If neither party has moved to re-open by March 1, 2024, this appeal will be dismissed with prejudice.

It is SO ORDERED.

Signed on February 5, 2024.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**